Michael Koch, 131892
Lockhart, Britton & Koch
7777 Alvarado Road, Suite 622
La Mesa CA 91942
(619) 299-2199

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Kirk Frederick<br>Rebecca Frederick<br><br><br><br><br><br><br><br><br>Debtor(s)<br>_____ | Case No.: **10-04051-MM7**<br><br>MOTION TO<br>COMPEL TRUSTEE'S<br>ABANDONMENT OF 9% INTEREST<br>IN Q-VIO, LLC<br><br>Date: Feb. 15, 2018<br>Time: 10:00 a.m.<br>Dept.   One; Room 218<br><br>The Honorable Margaret Mann |

NOW COMES THE DEBTORS, by and through the undersigned counsel and moves the Court to compel the Chapter 7 Trustee to abandon the 9% interest in Q-Vio, LLC. This motion is based on the points and authorities set-forth below, the declaration of the Debtors filed herewith, and the documents on file with the Court.

**Summary of the facts:**

1. This case was commenced as a Chapter 13 on March 15, 2010. On September 13, 2012, the case was converted from Chapter 13 to Chapter 7, and on or about September 14, 2012, Leslie T. Gladstone was appointed Chapter 7 trustee.

2. On Schedule B, line 13 the Debtors disclosed a 9% ownership interest in "Q-Vio, LLC" and valued the interest at $0.00. Q-Vio, LLC is a California limited liability company that was formed and first came into legal existence on January 19, 2007, by filing Articles of Organization with the California Secretary of State. Under the terms of the Operating Agreement, the three initial members were eligible to receive Class A option units during the first three years of the company's existence.

3. As a result, Mr. Frederick had, at the date of the petition, approximately 9% ownership interest in this LLC. Q-Vio, LLC is a small, privately held company that has funded its growth from profits. As a result, it has limited cash and has only made limited distributions during its nine years in existence. While the company is slightly profitable, for all practical purposes it's operating at breakeven. This information has been available to the Chapter 7 Trustee during the last 5 years and 4 months, and the debtors have cooperated with the Trustee and her representatives. They provided numerous documents to the Trustee relating to this LLC, including tax returns, bank statements, insurance policies and independent legal analysis. See declaration of Debtors filed herewith.

**POINTS AND AUTHORITY**:

4. The Debtors seek an order abandoning the 9% interest in Q-Vio LLC as an asset of the estate based upon the following arguments. First, they contend abandonment is appropriate under Section 554 because the sale of this interest would not realize net proceeds for the benefit of the estate. A potential buyer would in essence be buying into an forced business relationship with the other members. It is self evident that if there was a potential buyer, they would have been located prior to the 5 year anniversary of the conversion.

5. Second, the Debtors contend abandonment of the residence is appropriate pursuant to Sections 105 and 704 of the Bankruptcy Code. Section 704(1) states in pertinent part:
 "The trustee *shall — . . . close such estate as expeditiously* as is compatible with the best interest of parties in interest;" [emphasis added]. The U.S. Trustee's "Handbook for Chapter 7 Trustees," the trustee's operating manual, also instructs the trustee to abandon assets of the estate when liquidation would result in little or inconsequential benefit to the estate. This case has been a Chapter 7 for over 5 years and 4 months. An order abandoning the Debtors' interest in this LLC, under the particular circumstances of this case is appropriate to give meaning and effect to the mandatory duties of a Chapter 7 trustee set forth in Section 704 and the instructions in the U.S. Trustee's Handbook for Chapter 7 Trustees.

**Abandonment is proper under Section 554 of the Bankruptcy Code.**

6. Section 554 (b) of the Bankruptcy Code states in pertinent part:

"(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate . . . that is of inconsequential value and benefit to the estate." The best evidence we have that the property was of "inconsequential value" is that the Trustee has not been able to liquidate it during the last 5 years.

There is no provision in the Bankruptcy Code or the Bankruptcy Rules to specify the time within which a trustee must act to administer or abandon estate property. Prior case law gave a trustee a "reasonable time" to consider abandonment. *Stanolind Oil & Case Co. v. Logan*, 92 F.2d 28, 30 (5th Cir. 1937), *cert. denied*, 302 U.S. 763, 303 U.S. 636, 58 S.Ct. 409, 58 S.Ct. 522 (1938). The term "reasonable" implies that the period of deliberation is adaptable to the circumstances of the case. While we may presume the Trustee has a "reasonable time" in which to decide whether to administer an asset of the estate, the term should be deemed to put a reasonable time limit on the Trustee. It depends upon the circumstances. The longer theTrustee waits, the closer she comes to violating her duties to act as expeditiously as possible under other provisions of the Bankruptcy Code, the Rules and the Trustee's manual issued by the Office of the U.S. Trustee. Extraordinary delay in closing an estate should not be tolerated unless justified by the facts, and unreasonable holding property that should be abandoned, likewise, should not be allowed.

Q-Vio, LLC is a small, privately held company that has funded its growth from profits and as a result, it has limited cash. While the company is slightly profitable, for all practical purposes, it's operating at breakeven. As a result, the Managers do not anticipate being in the position to make any distributions for the foreseeable future.

WHEREFORE the Debtors pray the Court order the Trustee to abandon this asset.

Respectfully submitted,

Date: January 11, 2018

/s/ Michael Koch
_____
Michael Koch
Attorney for Debtors

3